**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-20074 |
| | ) | |
| Michael Tobin | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE**

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period January 29, 2011 to October 23, 2013. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $12,281.00 for 36.30 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $125.66 for reimbursement of expenses incurred in connection with its legal services. IFG Chtd. previously requested interim compensation for services rendered during the period of June 21, 2010 to January 28, 2011. For this period, IFG Chtd. was awarded attorneys' fees for services rendered in the amount of $18,900.00 for 66.20 hours and requested payment of $360.99 for reimbursement of expenses incurred in connection with its legal services. The Court entered an award of interim compensation on February 18, 2010 as indicated. IFG Chtd. now requests that the previously entered interim award now be awarded as final compensation.

In support of its application, IFG Chtd. respectfully states as follows:

## BACKGROUND

1. On May 3, 2010, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by the Debtor.

2. Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of Michael Tobin.

3. Through her administration and liquidation of the Estate, Trustee has amassed over $485,000.00 and those funds are available to the Estate.

Counsel for the Trustee analyzed tax consequences of tax losses and recovered over $485,000.00 for the Estate currently in refunds of taxes. In addition Counsel for the Trustee analyzed Debtor's interests in real estate ventures and recovered approximately $27,000.00 for the Estate. Subject to the above other than attorney and potential accountant fees which applications are on file, there are no accrued unpaid administrative expenses.

## INTRODUCTION

4. Counsel for the Trustee assisted in the recovery by legal proceedings and negotiations as to legal entitlement to the assets, securing for the Estate $485,059.00.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On July 23, 2010 this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee retroactively to June 21, 2010.

6. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## **ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY**

7. Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein. In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed. However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987). In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A. The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on

which such service was rendered and a description of the nature of the services rendered.  Also attached as part of Exhibit B is a summary of the fees and costs expended in each category of activity.

### ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

9.  IFG Chtd. incurred expenses in the amount of $125.66 in connection with its representation of the Trustee during the period January 29, 2011 to October 23, 2013 for which it now requests reimbursement.  IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries.  An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit A.  IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges.  In re Adventist Living Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest.  For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the

efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

## NATURE OF SERVICES PERFORMED BY IFG CHTD.

**Claims/Closing**

10. After the Trustee reviewed Claims and was unable to resolve certain claims by agreement or to reconcile court orders with the claims the Trustee asked Counsel for the Trustee to legally resolve Claims filed by the Debtor on behalf of the IRS and IDOR as well as Bank of America's approximately $34,000,000.00 worth of claims. Counsel for the Trustee prepared stipulations and withdrawals of claims to resolve certain unresolved claims. Counsel for the Trustee conferred with other secured claimants counsel in an effort to resolve claims.

In connection with the above services, IFG Chtd. expended 7.90 hours, for which it seeks compensation in the amount of $2,765.00 for fees and $42.50 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 7.90 hours | $350.00 | $2,765.00 |
| TOTAL | 7.90 hours | | $2,765.00 |
| | | Expenses | $   42.50 |
| | | Total | $2,807.50 |

**Miscellaneous**

11. Counsel for the Trustee reviewed pleadings filed by Bank of America (BOA) and supporting documentation dealing with determination of secured and unsecured status; review of pleadings on liens and exhibits regarding the same; Counsel to the Trustee reviewed and researched the Estates entitlement to two living trusts.

In connection with these services, IFG Chtd. expended 6.30 hours, for which it seeks $2,110.00 in fees. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 3.80 | $325.00 | $1,235.00 |
| IFG | 2.50 | $350.00 | $ 875.00 |
| TOTAL | 6.30 | | $2,110.00 |
| | | Expenses | $0.00 |
| | | Total | $2,110.00 |

**Retention/Compensation of Professionals**

12. Counsel for the Trustee prepared, reviewed and finalized the Trustee's amended exhibits on interim compensation for Counsel to the Trustee. Counsel for the Trustee prepared and reviewed pleadings on employment of accountants and employment of special counsel; Attended on behalf of Special Counsel's request for interim fees; Counsel for the Trustee prepared, reviewed and finalized the final fee petitions, exhibits and applications for the Trustee, accountants and Trustee's Counsel.

In connection with the above services, IFG Chtd. expended 9.40 hours, for which it seeks compensation in the amount of $3,192.50 for fees and $83.16 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 3.90 hours | $325.00 | $1,267.50 |
| IFG | 5.50 hours | $350.00 | $1,925.00 |
| TOTAL | 9.40 hours | | $3,192.50 |
| | | Expenses | $     83.16 |
| | | Total | $3,275.66 |

**Taxes**

13. Counsel for the Trustee researched and reviewed case law on refund rule regarding IRS refunds amongst joint filers; prepared tax determination letters for multiple years; Counsel for the Trustee analyzed the settlement agreement to determine IRS/IDOR priority, unsecured, secured and administrative status as to amended claims filed by Debtor on behalf of IRS and IDOR and conferenced with Debtor's Attorney; Counsel for the Trustee conferenced, reviewed and discussed with Debtor's attorney legal basis, Trustees position and entitlement with regard to IRS and IDOR refunds, analyzed numerous issues and conducted extensive research on the determination of whether or not the Estate was entitled to refunds of taxes as well as the Debtor's obligations regarding the same.  In connection with the above services, IFG Chtd. expended 12.70 hours, for which it seeks compensation in the amount of $4,213.50 for fees.  Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 2.30 hours | $325.00 | $   747.50 |
| IFG | 9.80 hours | $350.00 | $3,430.00 |
| LP  | 0.60 hours | $  60.00 | $     36.00 |
| TOTAL | 12.70 hours | | $4,213.50 |
| | | Expenses | $      0.00 |
| | | Total | $4,213.50 |

**CONCLUSION**

14. The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

15. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

16. IFG Chtd. has previously submitted a fee application in this case.

17. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

a. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $12,281.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from January 29, 2011 to October 23, 2013.

b. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $125.66 incurred in connection with such services;

      c. Awarding the previous payment to the Law Offices of Ilene F. Goldstein, Chartered of interim compensation in the amount of $18,900.00 for the actual, necessary and valuable professional services and the amount of $360.99 for allowable expenses rendered to the Trustee during the period from June 21, 2010 to January 28, 2011 as final compensation.

      d. For such other and further relief as this Court deems appropriate.

                                    Respectfully submitted by
                                    Law Offices of Ilene F. Goldstein, Chartered

                                  By:   /s/Ilene F. Goldstein
                                           One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
900 Skokie Blvd, Suite 128
Northbrook, IL 60062, (847) 562-9595

### TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 10.00 | $325.00 | $ 3,250.00 |
| IFG | 25.70 | $350.00 | $ 8,995.00 |
| LP | 0.60 | $ 60.00 | $     36.00 |
| TOTAL | 36.30 | | $12,281.00 |

### TIME SUMMARY BY CATEGORY

| | Fees | Costs | Total |
|---|---|---|---|
| Claims/Closing | $2,765.00 | $42.50 | $2,807.50 |
| Miscellaneous | $2,110.00 | $00.00 | $2,110.00 |
| Retention/Comp. | $3,192.50 | $83.16 | $3,275.66 |
| Tax | $4,213.50 | $00.00 | $4,213.50 |
| **TOTAL** | **$12,281.00** | **$125.66** | **$12,406.66** |