**UNITED STATES BANKRUPTCY COURT**
**FOR THE NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re** | ) | **Chapter 7** |
| | ) | |
| **MICHAEL TOBIN** | ) | **Case No. 10 B 20074** |
| | ) | |
| **Debtor.** | ) | **Hon. A. Benjamin Goldgar** |
| | ) | |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
_____

| | |
|---|---|
| Name of Applicant: | Robert E. McKenzie, Kevin H. Morse and Arnstein & Lehr LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee, Ilene F. Goldstein |
| Date of Order Authorizing Employment: | July 15, 2011, retroactive to July 1, 2011 |
| Period for which Compensation Is Sought: | September 11, 2012 through September 20, 2013 |
| Amount of Fees Sought: | $2,411.50 |
| Total Amount of Expense Reimbursement Sought: | $1,540.50 |
| Period for which Final Compensation Is Sought: | July 1, 2011 through September 20,2013 |
| Total Amount of Final Fees: | $23,183.00 |
| Total Amount of Final Expense Reimbursement Sought: | $1,609.80 |

This is a Second and Final Fee Application

ARNSTEIN & LEHR LLP

By:   /s/ Kevin H. Morse
         One of its attorneys

11309953.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL TOBIN | ) | Case No. 10 B 20074 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |

**SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT FOR EXPENSES OF KEVIN H. MORSE AND
<u>ARNSTEIN & LEHR LLP AS COUNSEL TO THE TRUSTEE</u>**

Kevin H. Morse of Arnstein & Lehr LLP (collectively, "<u>A&L</u>"), counsel for Ilene F. Goldstein, not individually but solely in her capacity as Chapter 7 Trustee for the estate of Michael Tobin (the "<u>Trustee</u>"), pursuant to 11 U.S.C. §§ 330 and 331, applies to this Court for an entry of an order: (a) allowing as compensation the amount of $2,411.50 for legal services rendered during the period September 11, 2012 through September 20, 2013 and reimbursement to A&L in the amount of $1,540.50 in expenses; (b) allowing as final compensation the aggregate amount of $23,183.00 for legal services rendered during the period of July 1, 2011 through September 20, 2013 and reimbursement to A&L in the amount of $1,609.80; and (c) authorizing the Trustee to pay the allowed fees and expenses for the period September 11, 2012 through September 20, 2013.  In support thereof, A&L respectfully states as follows:

<u>BACKGROUND</u>

1.     On May 3, 2010 (the "<u>Petition Date</u>"), Michael Tobin f/d/b/a Northern Realty Group, Ltd. (the "<u>Debtor</u>") filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "<u>Bankruptcy Code</u>").  On the Petition Date, the Trustee was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

2.  Prior to the Petition Date, the Debtor and his spouse received the following refunds from overpayments for the prepetition tax years 2005, 2006, 2007, 2009 and 2010, including an overpayment carry forward from 2008: (1) $10,570.46, for a federal tax refund for tax year 2005; (2) $72,350.00, for a federal tax refund for tax year 2006; (3) $82,712.00, for a federal tax refund for tax year 2007; (4) $400,694.00, for a federal tax refund for tax year 2009; (5) $33,200, for a federal tax refund for tax year 2010; (5) $46,695.00, for a State of Illinois tax refund for tax year 2009; and (6) $5,744, for a State of Illinois tax refund for tax year 2010 (collectively, the "Received Refunds").

3.  On July 15, 2011, this Court entered an Order Authorizing the Trustee to Employ A&L as Special Counsel retroactive to July 1, 2011 to seek turnover of the Received Refunds and any further owed state and federal refunds.

4.  The Received Refunds aggregate to $651,965.45, and on or shortly after the Petition Date, the Debtor delivered to the Trustee $306,510.72 of the Received Refunds (the "Delivered Refunds"). The Debtor's spouse remained in possession of $345,454.73 of the Received Refunds (the "Remaining Refunds"). A&L and counsel for the Debtor's spouse entered into negotiations to determine the allocation and determination of rights as to the Remaining Refunds.

5.  On June 22, 2012, this Court entered an order approving a settlement between the Trustee, Debtor and his spouse (the "Settlement"). The Settlement required the Debtor's spouse to turnover $135,455.81 of the Remaining Refunds to the Trustee. The Settlement also provided that the Trustee and the Debtor's bankruptcy estate would be entitled to seventy percent (70%) of any potential refunds received by the Debtor and his spouse. Subsequent to the entry of the order approving the Settlement, the Debtor's spouse turned over $135,455.81 of the Remaining Refunds to the Trustee.

6. On October 5, 2012, A&L filed its first interim application for allowance of fees and reimbursement of expenses. After a notice and a hearing, this Court allowed A&L interim compensation in the amount of $20,771.50 and reimbursement of expenses in the amount of $69.30 for the period July 1, 2011 through September 10, 2012 [Doc. No. 65].

**Narrative Summary of Services**

7. A narrative summary of the services rendered by A&L is set forth below. Itemized and detailed descriptions of the specific services rendered by A&L to the Trustee are reflected on the billing statements attached hereto as Exhibit A. The billing statements set forth the name of each attorney or paralegal, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

8. The fees and time expended by each billing professional is set forth below and summarized as follows:

| Attorney / Professional | Specialty | Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Adam S. Fayne (ASF) | Tax | 0.50 | $362.50 | $180.00 |
| Barry A. Chatz (BAC) | Bankruptcy | 0.20 | $675.00 | $135.00 |
| Michael A. Jacobson (MAJ) | Clerk | 1.50 | $75.00 | $112.50 |
| Kevin H. Morse (KHM) | Bankruptcy | 6.20 | $307.50 | $1,924.50 |
| Robert E. McKenzie (REM) | Tax | 0.10 | $595.00 | $59.00 |
|  | **TOTALS:** | **8.50** |  | **$2,411.50** |

9. The hourly rates listed above are customary and reasonable and are the same hourly rates charged to A&L's non-bankruptcy clients for various other matters.

10. A&L rendered actual and necessary services to the Trustee and the Debtor's estate. These services included the following:

    A. Draft and file First Interim Fee Application;

      B.      Correspondence with Trustee regarding IRS audit adjustment;

      C.      Review and analyze proof of claim allocation to spouse;

      D.      Review IRS claim and analyze for tax adjustments;

      E.      Draft letter to debtor and debtor's wife related to amended claims;

      F.      Preparation for position to be taken with regard to audit clawback on funds received by the Trustee; and

      G.      All other services required to resolve issues related to the Received Refunds.

11.    There has been no duplication of services, either by partners or associates of A&L. When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to familiarize each attorney with the matters at issue so that each attorney could perform further necessary work.

12.    <u>Exhibit A</u> also lists expenses in the amount of $1,540.50 for photocopy charges and priority mail and express mail charges to counsel for Debtor's spouse, Debtor's counsel, the Trustee, and all creditors of the bankruptcy estate. The significant expenses for this period were from the photocopying and service of the Rule 9019 motion and First Interim Fee Application.

13.    A&L respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, and the costs of comparable services in other cases under Chapter 7, and that time has been fairly and properly expended.

14.    A&L expended a total of 8.50 hours for the services provided to the Trustee. Based on the hourly charges of A&L set forth above, A&L requests that the Court determine and allow it $2,411.50 as compensation and $1,540.50 for the reimbursement of reasonable out-of-pocket expenses pursuant to Sections 330 and 331 of the Bankruptcy Code. Pursuant to this

Court's order limiting notice, a copy of the Application has been sent to the Debtor, the Trustee, all parties that filed a claim in the bankruptcy case, the thirty largest unsecured creditors and all parties receiving notice by the Court's ECF system, including the United States Trustee.

WHEREFORE, of Arnstein & Lehr LLP respectfully request that the Court enter an Order:

(A)  Awarding as compensation the amount of $2,411.50 for legal services rendered during the period September 11, 2012 through September 20, 2013 and reimbursement to A&L in the amount of $1,540.50 in expenses;

(B)  Allowing as final compensation the aggregate amount of $23,183.00 for actual and necessary professional services rendered during the period of July 1, 2011 through September 20, 2013 and reimbursement to A&L $1,609.80 in expenses;

(C)  Authorizing the Trustee to pay the allowed fees and expenses for the period September 15, 2012 through September 20, 2013;

(D)  Finding notice as provided is sufficient under the circumstances; and

(E)  Granting such other and further relief as the Court deems just and proper.

ARNSTEIN & LEHR LLP

By:  /s/ Kevin H. Morse
One of its attorneys

Robert E. McKenzie
Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 312-876-7100
Facsimile: 312-876-0288